

1  HOWARD L. MAGEE, State Bar No. 185199
   howard.magee@ogletreedeakins.com
2  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   633 West Fifth Street, 53rd Floor
4  Los Angeles, California 90071
   Telephone:    (213) 239-9800
5  Facsimile:    (213) 239-9045

6  Attorneys for Defendant
   FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ZAREEN HUSSAIN,                          Case No. CV 07 6023

12        Plaintiff,                        NOTICE OF REMOVAL OF CIVIL
                                            ACTION TO FEDERAL COURT BY
13 v.                                       DEFENDANT FEDEX KINKO'S OFFICE
                                            AND PRINT SERVICES, INC.
14 FEDERAL EXPRESS CORPORATION,
   FEDEX KINKO'S OFFICE AND PRINT
15 SERVICES, INC., DOES 1 TO 30,

16        Defendants.

17

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5347287_1.DOC

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FedEx Kinko's Office and Print Services, Inc., (hereinafter referred to as "Defendant"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

Defendant's Notice of Removal is based upon and supported by the following:

## THE STATE COURT ACTION

1. On or about July 2, 2007, Plaintiff Zareen Hussain ("Plaintiff") filed an unverified Complaint for Damages (the "Complaint") in the Superior Court of the State of California, County of Alameda, entitled <u>Zareen Hussain vs. Federal Express Corporation, FedEx Kinko's Office and Print Services, Inc., and Does 1 through 30</u>, Case No. RG07333685.

2. Defendant was served with a copy of the Complaint and Summons, Plaintiff's Statement of Damages, Alternative Dispute Resolution Information Package, and Notice of Case Management Conference and Order on or about October 30, 2007. The Complaint asserts claims for: (1) Wrongful Termination in Violation of the Fair Employment and Housing Act and (2) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Summons and Complaint that was served on Defendant is attached hereto as Exhibit "A."

3. Defendant timely filed an Answer to Plaintiff's Complaint in State Court on November 26, 2007. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as Exhibit "B."

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY
## BASED UPON DIVERSITY OF CITIZENSHIP

4. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by the Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Defendant FedEx Kinko's Office and Print Services, Inc. was at the time of the filing of this action a corporation formed under the laws of the State of Delaware and is now currently a corporation formed under the laws of the State of Texas. Its principal place of business at the time of the filing of this action was and is currently in the State of Texas. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, FedEx Kinko's Office and Print Services, Inc. is a citizen of the State of Texas. As such, FedEx Kinko's Office and Print Services, Inc. is not a citizen of the State of California.

6. Defendant Federal Express Corporation was at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware, with its principal place of business in the state of Tennessee. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Federal Express Corporation is a citizen of the States of Delaware and Tennessee. As such, Federal Express Corporation is not a citizen of the State of California.

7. Counsel for Defendant has conferred with Defendant Federal Express Corporation, and on information belief, believes that Defendant Federal Express Corporation will file a Notice of Joinder to this Notice of Removal.

8. On information and belief, based on the allegations of Paragraph 1 of Plaintiff's Complaint, Plaintiff is a citizen of the State of California, County of Alameda, and for purposes of federal diversity jurisdiction is a citizen of the State of California.

9. Removal and Intradistrict Assignment to the Oakland division of this Court is proper because the alleged acts and occurrences arose in the County of Alameda. (See Compl. ¶ 1).

10. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); Newcomb v. Adolf Coors Co., 157 F.3d 686 (9th Cir.1998). As such, diversity of citizenships exists in this matter between Plaintiff and all non-fraudulently joined defendants.

11. The Complaint does not allege a damage amount as to each claim. However, Plaintiff concurrently served a Statement of Damages wherein she claims damages in excess of $75,000. A true and correct copy of Defendant's Statement of Damages is attached hereto as Exhibit "C." Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. See Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir. 1996); Lucett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

12. As required by 28 U.S.C. §1446(d), the original Notice was filed within 30 days after Defendant was first served with a copy of the Summons and Complaint.

13. As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to Plaintiff through her attorneys of record.

14. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Alameda.

15. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

**WHEREFORE**, Defendant FedEx Kinko's Office and Print Services, Inc. removes the above-action to this Court.

DATED: November 27, 2007

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Howard L. Magee

Attorneys for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

5347287_1.DOC

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.