**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
10/30/2007
CT Log Number 512739906

TO: Ric Liskow, General Counsel
FedEx Kinko's Office and Print Services, Inc.
Three Galleria Towers, 13155 Noel Road
Suite 1600
Dallas, TX 75240-

NOV - 1 2007

RE: **Process Served in California**

FOR: FedEx Kinko's Office and Print Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Zareen Hussain, Pltf. vs. Federal Express Corporation, et al. including FedEx Kinko's Office and Print Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement of Damages, Stipulation Form, Attachment(s), Notice of Case Management Conference |
| **COURT/AGENCY:** | Alameda County, Oakland, Superior Court, CA<br>Case # RG07333685 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - July 3, 2006 - Discrimination - On basis of Physical Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/30/2007 at 14:46 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 11/30/07 at 9:15 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Eugene R. Oreck<br>Oreck & Oreck<br>1939 Harison St.<br>Suite 320<br>Oakland, CA 94612<br>510 444 1555 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790371613120<br>Image SOP - Page(s): 18<br>Email Notification, Legal - Services & Support legal.services@kinkos.com<br>Fax Transmittal, Aracelli Castillo 214-550.7277 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit ___A___, Page ___5___

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
FEDERAL EXPRESS CORPORATION, FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., DOES 1 TO 30

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
ZAREEN HUSSAIN

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

10-30-07
2:46PM
FILED
ALAMEDA COUNTY
07 JUL -2 PM 3:25
BY BARBARA... COURT
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Alameda
Rene C. Davidson Courthouse, 1225 Fallon Street, Room 109,
Oakland, CA 94612

CASE NUMBER:
(Número del Caso):
RG 07333685

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eugene R. Oreck, SBN 67040, Oreck & Oreck, 1939 Harison St., Suite 320, Oakland, CA 94612-4712
510-444-1555 phone / 510-836-3136 fax

DATE: JUL - 2 2007    PAT S. SWEETEN    Clerk, by BARBARA C. YOUNG, Deputy
(Fecha)                EXECUTIVE OFFICER/CLERK    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Fedex Kinko's Office and Print Services, Inc.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 10-30-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

Exhibit _A_, Page _1_

EUGENE R. ORECK, SBN 67040
ORECK & ORECK
1939 Harrison St., Suite 320
Oakland, CA 94612-3532
Telephone:   (510) 444-1555
Facsimile:   (510) 836-3136

ENDORSED
FILED
ALAMEDA COUNTY

07 JUL -2 PM 3: 26

Attorneys for Plaintiff
ZAREEN HUSSAIN

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ~~SANTA CLARA~~ ALAMEDA, LIMITED JURISDICTION

ZAREEN HUSSAIN,               )
                              )
        Plaintiff,            )    NO.
                              )
    v.                        )    RG07333685
                              )
FEDERAL EXPRESS CORPORATION,  )    COMPLAINT FOR DAMAGES
FEDEX KINKO'S OFFICE AND PRINT)    BASED UPON DISCRIMINATION
SERVICES, INC., DOES 1 TO 30, )    BECAUSE OF DISABILITY
                              )
        Defendants.           )
                              )

Preliminary Allegations

1.   Plaintiff Zareen Hussain ("Hussain") is an individual. All the events described herein that caused her damage occurred in the County of Alameda, State of California.

2.   Plaintiff is informed and believes that Federal Express Corporation and FedEx Kinko's Office and Print Services, Inc. are corporations organized and incorporated and doing business in the State of California. Plaintiff is ignorant of the true names and capacities of those individual and corporate defendants named herein

1

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit _____A_____, Page ___2___

as DOES 1-30, and therefore sues these defendants under fictitious names, and plaintiff prays leave to amend this Complaint when the true names and capacities are known and to insert said true names and capacities in the appropriate paragraph herein. Plaintiff is informed and believes and alleges that each of the above fictitiously named defendants negligently or intentionally engaged in wrongdoing and that each of them is responsible in some manner for the damages suffered by plaintiff.

3. Plaintiff is informed and believes that at all times herein mentioned each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

4. Plaintiff was hired as a copy worker on September 5, 2000 and fired on January 10, 2005. On April 21, 2003 applicant sustained a work-related injury when she missed a step stepping down from a step-stool, twisting her ankle and hurting her hip, right leg and back and neck.

5. As a result of said work injury, plaintiff was off work from May 15, 2003 through June 13, 2003, worked less then her regular hours from about June 14, 2003 through about June 25, 2003, was on and off work again through about September 20, 2003 and then was off again through the date of her firing.

6. On December 8, 2003 plaintiff's treating physician, Michael Park, M.D. released her to modified duty. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

2
COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit ___A___, Page___8___

7. On or about January 16, 2004 Dr. Park rescinded his modified work restrictions and took her off work pending further medical treatment in the form of, inter alia, epidural injections and acupuncture.

8. On May 17, 2004 Dr. Park released plaintiff to return to work with a four-hour day limitation. That was her only work restriction. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

9. In a letter dated July 15, 2004 plaintiff's attorney wrote to defendant requesting that defendant meet with plaintiff to discuss returning her to work with accommodations. Despite this letter, defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

10. In August or September 2004, plaintiff underwent an IDET procedure and was unable to work until November 19, 2004 when Dr. Park returned her to work with restrictions. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

11. From November 19, 2004 through the present, plaintiff has been released to return to work with restrictions that would not prevent her from performing the essential duties of her job. During this time she has requested but has been denied the opportunity to meet face-to-face with defendant, and defendant has refused to accommodate her restrictions even though plaintiff could perform the essential duties of her job with reasonable accommodation.

3

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit ____A____, Page ____9____

12. As a direct and proximate result of defendant's unreasonable conduct in refusing to meet with plaintiff to discuss accommodation of her work restrictions, as required by law, and by defendant's refusal to accommodate her medical condition, plaintiff has suffered and continues to suffer, a loss of wages, income and other employment benefits, according to proof.

13. As a direct and proximate result of defendant's unreasonable conduct in refusing to meet with plaintiff to discuss accommodation of her work restrictions, as required by law, and by defendant's refusal to accommodate her medical condition, plaintiff has suffered and continues to suffer, great anxiety, loss of enjoyment of life and severe emotional distress in an amount that exceeds the minimum jurisdictional limits of this court, according to proof.

14. In doing the things herein alleged, defendant was guilty of oppression, fraud and malice, and, insofar as the things alleged were attributable to employees of defendant, said employees were employed by defendant with an advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or defendant authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or acts of oppression, fraud or malice on the part of an officer, director or managing agent of the defendant all entitling plaintiff to the recovery of exemplary and punitive damages.

### FIRST CAUSE OF ACTION

Wrongful Termination in Violation of the Fair Employment and Housing Act

(Government Code section 12940, et seq.)

4

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit ___A___, Page ___10___

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, inclusive.

16. In doing the things herein alleged, defendant violated the California Fair Employment and Housing Act.

17. Plaintiff has exhausted all administrative remedies and on July 3, 2006 was mailed a Right-To-Sue Notice from the California Department of Fair Employment and Housing.

WHEREFORE, plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, inclusive.

19. The Fair Employment and Housing Act embodies fundamental, substantial and established public policies of the State of California. In doing the things herein alleged, defendant violated those public policies.

WHEREFORE, plaintiff requests relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For back pay, front pay and other special damages, according to proof;

2. For general damages to compensate plaintiff for emotional distress and suffering and loss of enjoyment of life, according to proof;

3. For exemplary and punitive damages;

4. For prejudgment interest on all damages;

5

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit A, Page 11

1  5.  For reasonable attorney's fees

2  6.  For costs of suit incurred; and

3  7.  For such other and further relief as the court may deem just and proper.

DATED:  July 2, 2007.

ORECK & ORECK

By: EUGENE R. ORECK
Attorney for Plaintiff
ZAREEN HUSSAIN

6

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

Exhibit ___A___, Page ___12___

EUGENE R. ORECK, SBN 67040
ORECK & ORECK
1939 Harrison St., Suite 320
Oakland, CA 94612-3532
Telephone: (510) 444-1555
Facsimile: (510) 836-3136

Attorneys for Plaintiff
ZAREEN HUSSAIN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA, LIMITED JURISDICTION

ZAREEN HUSSAIN,

    Plaintiff,

v.

FEDERAL EXPRES CORPORATION,
FEDEX KINKO'S OFFICE AND PRINT
SERVICES, INC., DOES 1 TO 30,

    Defendants.

NO. RG07-333685

PLAINTIFF'S STATEMENT
OF DAMAGES

    Plaintiff Zareen Hussain hereby claims damages as a result of the incident complained of herein as follows:

    1. Wage loss to date: $67,319.78

    2. Future wage loss: $800.00 per month

    3. Loss of medical insurance: $500.00 per month

    4. General damages: $500,000.00

    5. Exemplary and punitive damages: according to proof

    6. Prejudgment interest on all damages: according to proof

    5. Attorney's fees: according to proof

1

PLAINTIFF'S STATEMENT OF DAMAGES

Exhibit ___A___, Page ___13___

7. Costs of suit: according to proof.

DATED: September 26, 2007.

ORECK & ORECK

*[signature: Eugene Oreck]*

By: EUGENE R. ORECK
Attorney for Plaintiff
ZAREEN HUSSAIN

2

PLAINTIFF'S STATEMENT OF DAMAGES

Exhibit A, Page 14

**RG07835685**

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005**

## Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

<u>California Rules of Court, Rule 201.9 (Excerpt)</u>

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

<u>**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**</u>

Rev 4/05

Exhibit ___A___, Page ___15___

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

Exhibit ___A___, Page ___16___

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

Exhibit ___A___, Page ___17___

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

Exhibit ____A____, Page ___18___

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

**Appointment of Arbitrator** (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case *(CRC 1605a(4))***
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings *(CRC 1611)***
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator *(CRC 1615b & c)***
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

Exhibit _____A_____, Page_____20_____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stonendge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

_____ Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

_____ Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Exhibit __A__, Page __21__

Oreck & Oreck
Attn: Oreck, Eugene R.
1939 Harrison Street
Suite 320
Oakland, CA 94612-____

## Superior Court of California, County of Alameda

| Hussain | No. RG07333685 |
|---|---|
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| VS. | Unlimited Jurisdiction |
| Federal Express Corporation | |
| **Defendant/Respondent(s)** (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 11/30/2007 Time: 09:15 AM | Department: 30 Location: U.S. Post Office Building Second Floor 201 13th Street, Oakland CA 94612 Internet: http://www.alameda.courts.ca.gov | Judge: Kenneth Mark Burr Clerk: Kathy McKean Clerk telephone: (510) 208-3926 E-mail: Dept.30@alameda.courts.ca.gov Fax: (510) 267-1510 |
|---|---|---|

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/06/2007.

By _____
Deputy Clerk

RECEIVED JUL 0 8 2007

Exhibit ___A___, Page ___22___