1   HOWARD L. MAGEE, State Bar No. 185199
    howard.magee@ogletreedeakins.com
2   GREGORY C. CHENG, State Bar No. 226865
    gregory.cheng@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    633 West Fifth Street, 53rd Floor
4   Los Angeles, California 90071
    Telephone:    (213) 239-9800
5   Facsimile:    (213) 239-9045

6   Attorneys for Defendant
    FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.
7

ENDORSED
ALAMEDA COUNTY

NOV 2 6 2007

CLERK OF THE SUPERIOR COURT
By _____ DHILLON, Deputy

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF ALAMEDA

10

                                                        BY FAX FILE
11  ZAREEN HUSSAIN,                    Case No. RG07333685
                                       (Limited Jurisdiction)
12            Plaintiff,
                                       [Assigned for all purposes to
13  v.                                 Hon. Kenneth Mark Burr; Dept. 30]

14  FEDERAL EXPRESS CORPORATION,       DEFENDANT FEDEX KINKO'S OFFICE
    FEDEX KINKO'S OFFICE AND PRINT     AND PRINT SERVICES, INC.'S ANSWER
15  SERVICES, INC., DOES 1 TO 30,      TO COMPLAINT OF PLAINTIFF
                                       ZAREEN HUSSAIN
16            Defendants.
                                       Action Filed:   July 2, 2007
17                                     Trial Date:     None Set

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5326428_1.DOC

DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.'S ANSWER
TO COMPLAINT OF PLAINTIFF ZAREEN HUSSAIN

Exhibit _____B_____, Page_____23_____

1    **TO PLAINTIFF ZAREEN HUSSAIN AND HER ATTORNEYS OF RECORD:**

2    Defendant FedEx Kinko's Office and Print Services, Inc. ("Defendant") hereby

3    responds to Plaintiff Zareen Hussain's ("Plaintiff") unverified Complaint for Damages

4    ("Complaint") as follows:

5    1.    Pursuant to California Code of Civil Procedure section 431.30(d), Defendant

6    denies generally and specifically each and every allegation contained in Plaintiff's unverified

7    Complaint, and denies further that Plaintiff has been injured in the amount or manner alleged or in

8    any other manner whatsoever.

9    Additionally, Defendant asserts the following affirmative defenses as set forth

10   below:

11                              **FIRST AFFIRMATIVE DEFENSE**

12                                (Failure to State a Cause of Action)

13   2.    As a separate and affirmative defense to Plaintiff's Complaint and each

14   purported cause of action therein, Defendant alleges that Plaintiff has failed to state facts sufficient

15   to constitute a valid cause of action.

16                             **SECOND AFFIRMATIVE DEFENSE**

17                                 (Failure to Mitigate Damages)

18   3.    As a separate and affirmative defense to Plaintiff's Complaint and each

19   purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason

20   of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for

21   such damages because by her own acts and omissions, she has failed properly to mitigate those

22   damages.

23                              **THIRD AFFIRMATIVE DEFENSE**

24                            (Workers' Compensation Exclusive Remedy)

25   4.    As a separate and affirmative defense to Plaintiff's Complaint and each

26   purported cause of action therein, Defendant alleges that if Plaintiff sustained damages by reason

27   of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for

28                                                Exhibit _____ , Page____

5326428_1.DOC

DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.'S ANSWER
TO COMPLAINT OF PLAINTIFF ZAREEN HUSSAIN

1 such damages is governed by the California Workers' Compensation Act. Cal. Labor Code §§

2 3200, et seq.

3 ## FOURTH AFFIRMATIVE DEFENSE

4 (Statute of Limitations)

5       5.    As a separate and affirmative defense to Plaintiff's Complaint and each

6 purported cause of action therein, Defendant alleges that Plaintiff's Complaint and each purported

7 cause of action therein are barred by the applicable statutes of limitations, including, but not

8 limited to, California Code of Civil Procedures sections 337, 338, 339 and 340, and Government

9 Code sections 12960 or 12965.

10 ## FIFTH AFFIRMATIVE DEFENSE

11 (Privilege/Justification/Managerial Immunity)

12       6.    As a separate and affirmative defense to Plaintiff's Complaint and each

13 purported cause of action therein, Defendant alleges that its conduct was a just and proper exercise

14 of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under

15 the circumstances then existing, and was privileged and justified.

16 ## SIXTH AFFIRMATIVE DEFENSE

17 (Failure to Exhaust Administrative Remedies)

18       7.    As a separate and affirmative defense to Plaintiff's Complaint and each

19 purported cause of action therein, Defendant alleges that Plaintiff's causes of action are barred by

20 her failure to exhaust her administrative remedies.

21 ## SEVENTH AFFIRMATIVE DEFENSE

22 (Waiver and Estoppel)

23       8.    As a separate and affirmative defense to Plaintiff's Complaint and each

24 purported cause of action therein, Defendant alleges that Plaintiff's Complaint and each purported

25 cause of action therein, are barred, in whole or in part, for the reason that, by her actions, Plaintiff

26 has waived and is therefore estopped from bringing any claim for relief against Defendant.

27

28                                           Exhibit _____B_____, Page___25___

## EIGHTH AFFIRMATIVE DEFENSE

(Inability to Perform)

9.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that, after a reasonable accommodation was made, the Plaintiff could not perform the essential functions of the position in question because of any purported disability.

## NINTH AFFIRMATIVE DEFENSE

(Essential Functions)

10.    As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that, with or without a reasonable accommodation, Plaintiff could not perform the essential functions of her position.

## TENTH AFFIRMATIVE DEFENSE

(Undue Hardship)

11.    As a separate and affirmative defense to Plaintiff's Complaint and each cause of action therein, Defendant alleges that to the extent Plaintiff's alleged disability was not accommodated, Plaintiff's alleged disability could not have been accommodated without imposing an undue hardship upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Health or Safety Risk)

12.    As a separate and affirmative defense to Plaintiff's Complaint and each purposed cause of action therein, Defendant alleges that to the extent Plaintiff's alleged disability was not accommodated, Plaintiff's alleged disability could not have been accommodated without endangering her health or safety and/or the health or safety of others.

## TWELFTH AFFIRMATIVE DEFENSE

(Res Judicata)

13.    As a separate and affirmative defense to Plaintiff's Complaint and each purposed cause of action therein, Defendant alleges that Plaintiff's Complaint and each purposed cause of action is barred, in whole or in part, by the doctrine of res judicata.

Exhibit _____6_____, Page___26

## THIRTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

14.     As a separate and affirmative defense to Plaintiff's Complaint and each purposed cause of action therein, Defendant alleges on information and belief that Plaintiff's Complaint and each purported cause of action therein, is barred, in whole or in part, because the Parties have an agreement to arbitrate the instant dispute.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Compromise & Release)

15.     As a separate and affirmative defense to Plaintiff's Complaint and each purposed cause of action therein, Defendant alleges that Plaintiff's Complaint and each purposed cause of action is barred, in whole or in part, by the defense of compromise and release.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Constitutional Limit on Punitive Damages)

16.     As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's claims for tort damages and punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Support Claim for Punitive Damages)

17.     As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered in favor of Defendant;

///

DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.'S ANSWER
TO COMPLAINT OF PLAINTIFF ZAREEN HUSSAIN

1      3.    For costs of suit and for attorneys' fees incurred; and

2      4.    For such other and further relief as the Court deems just and proper.

3

4   DATED:  November 26, 2007                OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
5

6

7                                            By: _____
                                                      Howard L. Magee
8                                            Attorneys for Defendant
                                             FEDEX KINKO'S OFFICE AND PRINT
9                                            SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5326428_1.DOC

                                    5              Exhibit _____ß_____, Page_____28_____

1

# PROOF OF SERVICE BY UNITED STATES MAIL

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     I am employed in the County of Los Angeles, State of California; I am over the age
of 18 years and not a party to this action.  My business address is 633 West Fifth Street,
4  53rd Floor, Los Angeles, California 90071.

5     On November 26, 2007, I served the following document(s) described as:

6  DEFENDANT FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.'S ANSWER TO
7          COMPLAINT OF PLAINTIFF ZAREEN HUSSAIN

8  on the persons below as follows:

9  Eugene R. Oreck, Esq.                      COUNSEL FOR
Oreck & Oreck                               ZAREEN
10  1939 Harrison St., Suite 320               HUSSAIN
Oakland, CA  94612-3532

11

12     I enclosed the documents in a sealed envelope or package addressed to the persons at
the addresses as indicated above and:

13  ☐   deposited the sealed envelope or package with the United States Postal Service, with
the postage fully prepaid.*
14

15  ☒   placed the envelope or package for collection and mailing, following our ordinary
business practices.  I am readily familiar with this business's practice for collecting
and processing correspondence for mailing.  On the same day that correspondence is
16     placed for collection and mailing, it is deposited in the ordinary course of business
with the United State Postal Service, in a sealed envelope or package with postage
17     fully prepaid.

18     I am employed in the county where the mailing occurred.  The envelope or package
was placed in the mail at Los Angeles, California.
19

20  ☐   (State)    I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.
21

22  Executed on November 26, 2007, at Los Angeles, California.

23  Leticia Rivera                          _Leticia Rivera_
Type Name                                Signature
24

25

26

27

28

Exhibit ____B____, Page___29___