EUGENE R. ORECK, SBN 67040
ORECK & ORECK
1939 Harrison St., Suite 320
Oakland, CA 94612-3532
Telephone:    (510) 444-1555
Facsimile:    (510) 836-3136

FILED
ALAMEDA COUNTY

07 JUL -2 PM 3:32

Attorneys for Plaintiff
ZAREEN HUSSAIN

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA ~~SANTA CLARA~~, LIMITED JURISDICTION

| | |
|---|---|
| ZAREEN HUSSAIN,<br><br>                Plaintiff,<br><br>        v.<br><br>FEDERAL EXPRESS CORPORATION,<br>FEDEX KINKO'S OFFICE AND PRINT<br>SERVICES, INC., DOES 1 TO 30,<br><br>                Defendants. | NO. RG07333685<br><br>COMPLAINT FOR DAMAGES<br>BASED UPON DISCRIMINATION<br>BECAUSE OF DISABILITY |

<u>Preliminary Allegations</u>

1.      Plaintiff Zareen Hussain ("Hussain") is an individual. All the events described herein that caused her damage occurred in the County of Alameda, State of California.

2.      Plaintiff is informed and believes that Federal Express Corporation and FedEx Kinko's Office and Print Services, Inc. are corporations organized and incorporated and doing business in the State of California. Plaintiff is ignorant of the true names and capacities of those individual and corporate defendants named herein

1

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

as DOES 1-30, and therefore sues these defendants under fictitious names, and plaintiff prays leave to amend this Complaint when the true names and capacities are known and to insert said true names and capacities in the appropriate paragraph herein. Plaintiff is informed and believes and alleges that each of the above fictitiously named defendants negligently or intentionally engaged in wrongdoing and that each of them is responsible in some manner for the damages suffered by plaintiff.

3. Plaintiff is informed and believes that at all times herein mentioned each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

4. Plaintiff was hired as a copy worker on September 5, 2000 and fired on January 10, 2005. On April 21, 2003 applicant sustained a work-related injury when she missed a step stepping down from a step-stool, twisting her ankle and hurting her hip, right leg and back and neck.

5. As a result of said work injury, plaintiff was off work from May 15, 2003 through June 13, 2003, worked less then her regular hours from about June 14, 2003 through about June 25, 2003, was on and off work again through about September 20, 2003 and then was off again through the date of her firing.

6. On December 8, 2003 plaintiff's treating physician, Michael Park, M.D. released her to modified duty. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

2

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

7. On or about January 16, 2004 Dr. Park rescinded his modified work restrictions and took her off work pending further medical treatment in the form of, inter alia, epidural injections and acupuncture.

8. On May 17, 2004 Dr. Park released plaintiff to return to work with a four-hour day limitation. That was her only work restriction. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

9. In a letter dated July 15, 2004 plaintiff's attorney wrote to defendant requesting that defendant meet with plaintiff to discuss returning her to work with accommodations. Despite this letter, defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

10. In August or September 2004, plaintiff underwent an IDET procedure and was unable to work until November 19, 2004 when Dr. Park returned her to work with restrictions. Defendant refused to accommodate her restrictions or to meet with plaintiff to discuss said accommodation even though plaintiff could perform the essential duties of her job with reasonable accommodation.

11. From November 19, 2004 through the present, plaintiff has been released to return to work with restrictions that would not prevent her from performing the essential duties of her job. During this time she has requested but has been denied the opportunity to meet face-to-face with defendant, and defendant has refused to accommodate her restrictions even though plaintiff could perform the essential duties of her job with reasonable accommodation.

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

12. As a direct and proximate result of defendant's unreasonable conduct in refusing to meet with plaintiff to discuss accommodation of her work restrictions, as required by law, and by defendant's refusal to accommodate her medical condition, plaintiff has suffered and continues to suffer, a loss of wages, income and other employment benefits, according to proof.

13. As a direct and proximate result of defendant's unreasonable conduct in refusing to meet with plaintiff to discuss accommodation of her work restrictions, as required by law, and by defendant's refusal to accommodate her medical condition, plaintiff has suffered and continues to suffer, great anxiety, loss of enjoyment of life and severe emotional distress in an amount that exceeds the minimum jurisdictional limits of this court, according to proof.

14. In doing the things herein alleged, defendant was guilty of oppression, fraud and malice, and, insofar as the things alleged were attributable to employees of defendant, said employees were employed by defendant with an advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or defendant authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or acts of oppression, fraud or malice on the part of an officer, director or managing agent of the defendant all entitling plaintiff to the recovery of exemplary and punitive damages.

### FIRST CAUSE OF ACTION

Wrongful Termination in Violation of the Fair Employment and Housing Act

(Government Code section 12940, et seq.)

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY

15. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, inclusive.

16. In doing the things herein alleged, defendant violated the California Fair Employment and Housing Act.

17. Plaintiff has exhausted all administrative remedies and on July 3, 2006 was mailed a Right-To-Sue Notice from the California Department of Fair Employment and Housing.

WHEREFORE, plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-14, inclusive.

19. The Fair Employment and Housing Act embodies fundamental, substantial and established public policies of the State of California. In doing the things herein alleged, defendant violated those public policies.

WHEREFORE, plaintiff requests relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For back pay, front pay and other special damages, according to proof;

2. For general damages to compensate plaintiff for emotional distress and suffering and loss of enjoyment of life, according to proof;

3. For exemplary and punitive damages;

4. For prejudgment interest on all damages;

5. For reasonable attorney's fees

6. For costs of suit incurred; and

7. For such other and further relief as the court may deem just and proper.

DATED: July 2, 2007.

                                      ORECK & ORECK

                                      By: EUGENE R. ORECK
                                      Attorney for Plaintiff
                                      ZAREEN HUSSAIN

COMPLAINT FOR DAMAGES BASED UPON
DISCRIMINATION BECAUSE OF DISABILITY