EUGENE R. ORECK, State Bar No. 67040
orecklaw@sbcglobal.net
ORECK & ORECK
1939 Harrison Street, Suite 320
Oakland, California 94512-3532
Telephone:    (510) 444-1555
Facsimile:    (510) 836-3136

Attorneys for Plaintiff
ZAREEN HUSSAIN


HOWARD L. MAGEE, State Bar No. 185199
howard.magee@ogletreedeakins.com
GREGORY C. CHENG, State Bar No. 226865
gregory.cheng@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:    (213) 239-9800
Facsimile:    (213) 239-9045

Attorneys for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAREEN HUSSAIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL EXPRESS CORPORATION, FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., DOES 1 TO 30,<br><br>　　　　　Defendants. | Case No. 3:07-cv-06023-JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　March 7, 2008<br>Time:　　1:30 p.m.<br>Place:　　Ctrm. A, 15th Floor<br><br>Action Filed: July 2, 2007<br>Trial Date:　None set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-9, a Planning Conference was held on February 13, 2008, between Eugene R. Oreck, counsel for Plaintiff Zareen Hussain ("Plaintiff"), and Gregory C. Cheng, counsel for Defendant FedEx Kinko's Office and

Print Services, Inc. ("Defendant")  The Parties hereby submit the following Joint Case Management Conference Statement:

1. <u>Subject Matter Jurisdiction</u>:  This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which was removed by the Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. <u>Synopsis of Main Claims and Defenses.</u>

    A. <u>Plaintiff's Claims.</u>

Plaintiff was denied reasonable accommodation to return to work on a part-time and full time based upon a work-related injury.  Plaintiff claims that she could have performed all of the essential functions of her job within reasonable accommodation.  Plaintiff claims loss of past and future benefits, emotional distress and attorney's fees and costs.

    B. <u>Defendant's Defenses.</u>

This is a civil action for damages brought by Plaintiff Zareen Hussain ("Plaintiff"), against her former employer, Defendant, for:  (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); and (2) wrongful termination in violation of public policy.  In her Complaint, Plaintiff alleges that Defendant refused to accommodate her alleged disability or meet with her to discuss the existence of any accommodations.

Defendant denies the characterization of the afore-referenced events and alleges that Plaintiff was terminated based upon nondiscriminatory and legitimate reasons.  Specifically, Plaintiff was given permanent restrictions and could not perform the essential functions of her position with or without accommodation.  Because no reasonable accommodation existed to permanently accommodate Plaintiff's permanent restrictions, it was an undue burden to allow Plaintiff to work modified work duty on a permanent basis.  As such, Plaintiff's employment was terminated.

3. <u>Related Proceedings</u>:  As of the date of filing of this Joint Case Management Statement, the Parties are unaware of any related proceedings or cases pending before other judges of this court or before any other court.

4. <u>Consent to Magistrate Judge</u>:  Defendant has consented to the jurisdiction of Magistrate Judge Joseph C. Spero, for all purposes, including trial and entry of judgment.

5. <u>Summary of Proceedings to Date</u>:  The Parties held a Rule 26(f) conference on February 13, 2007.  Pursuant to Rule 26, the Parties intend to exchange their Initial Disclosures on or about February 27, 2008.

6. <u>Pending Motions</u>:  None.

7. <u>Motions Expected Before Trial</u>:  Defendant anticipates filing a Motion for Summary Judgment, or in the alternative, for Summary Adjudication of Issues.

Plaintiff anticipates filing a Motion for Summary Judgment, or in the alternative, for Summary Adjudication if Issues.

8. <u>Deadline to Add/Delete New Parties and Amendment to Pleadings</u>:  The deadline to file any motion or request to the Court for adding and deleting parties, and to amend the pleadings shall be made by on or before April 7, 2008.

9. <u>Evidentiary, Claim Construction, or Class Certification Hearings</u>:  The Parties do not anticipate that the Court will need to set any of the above-referenced hearings.

10. <u>Discovery Plan</u>:  The Parties propose the following discovery plan:

   A.   All written discovery and fact witness depositions, party and non-party, shall be completed no later than thirty (30) days before the date set for trial.

   B.   Reports from retained experts, if any, by any party who bears the burden of proof on any claim or defense shall be served no later than ninety (90) days before the date set for trial, and said expert(s) shall be deposed no later than thirty (30) after the date set for exchange of expert reports, if any.

   C.   The Parties do not presently propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule, without prejudice to any Party's right to seek such changes later either by stipulation or court order.

11. <u>Special Discovery</u>:  The Parties agree that there is no special discovery or other problems or issues that have arisen or are expected at this time.

1   12.   <u>Proposed Deadlines and Trial Date</u>:  All motions shall be timely filed and served,
2   and set for hearing by the Court no later than, thirty (30) days before the trial date.
3   The Parties request a trial date to be set no earlier than March 9, 2009.
4   13.   <u>Expected Length of Trial, Witnesses, Experts, Exhibits, Jury</u>:  The parties estimate
5   that trial will take approximately 5 to 7 court days.  The number of witnesses, experts, and exhibits
6   are unknown at this time.
7   Plaintiff requests a jury.
8   14.   <u>Relief Sought; Calculation of Relief</u>:  Plaintiff claims back pay of $72,033 through
9   March2, 2008 and continuing wage loss of $384.83 per week for the foreseeable future.  Plaintiff
10  also claims loss of benefits (401k and medical), compensatory and exemplary damages, costs of
11  suit and attorney's fees, according to proof.
12  15.   <u>ADR and Settlement</u>:  The parties have discussed settlement and alternative dispute
13  resolution.  The parties have selected private mediation, with both Parties splitting the costs of such
14  mediation.
15  16.   <u>Special Master</u>:  The Parties do not believe that a Special Master will be necessary
16  in this case.
17  17.   <u>Service List</u>:  Service of any documents should be effectuated upon:
18      A.   Plaintiff:
19  Eugene R. Oreck, Esq., of the law offices of Oreck & Oreck, 1939 Harrison Street,
20  Ste. 320, Oakland, California, 94612; telephone:  510-444-1555; fax:  510-836-3136.
21      B.   Defendant:
22  Gregory C. Cheng, Esq., of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 633 West
23  Fifth Street, 53rd Floor, Los Angeles, California, 90071; telephone:  213-239-9800; fax:  213-239-
24  9045.
25  ///
26  ///
27  ///
28  ///

18. <u>Other issues</u>: The Parties do not have any other issues to address with the Court at this time.

DATED: February 27, 2008  LAW OFFICES OF ORECK & ORECK


By: /s/ Eugene Oreck
        Eugene R. Oreck
Attorneys for Plaintiff
ZAREEN HUSSAIN


DATED: February 27, 2008  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Gregory Cheng
        Gregory C. Cheng
Attorneys for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

On February 27, 2008, I served the following document(s) described as:

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

on the persons below as follows:

Eugene R. Oreck, Esq.                                Counsel for Zareen Hussain
Oreck & Oreck
1939 Harrison St., Suite 320
Oakland, CA 94612-3532

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 27, 2008, at Los Angeles, California.

Leticia Rivera                                       /s/ Leticia Rivera
Type Name                                            Signature