**United States District Court**
For the Northern District of California

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7   ZAREEN HUSSAIN,                                    No. C- 07-06023 JCS

8              Plaintiff(s),
                                                       **CASE MANAGEMENT AND**
9       v.                                             **PRETRIAL ORDER (JURY)**

10  FEDERAL EXPRESS CORP,

11             Defendant(s).
    _____/
12

13       Following the Case Management Conference held on March 7, 2008,  IT IS HEREBY

14  ORDERED THAT:

15       The Court adopts the Joint Case Management Statement, except as modified by this Order.

16       A further Case Management Conference is set for **April 18, 2008, at 1:30 p.m.,** before

17  Magistrate Judge Spero, in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate, San

18  Francisco, California.  An updated Joint Case Management Conference Statement is due **April 11,**

19  **2008**.

20       IT IS FURTHER ORDERED THAT:

21  **I.    TRIAL DATE**

22       A.    Jury trial will begin on **March 25, 2009**, **at 8:30 a.m.,** in Courtroom A, 15th Floor,

23  U.S. District Court, 450 Golden Gate, San Francisco, California.

24       B.    The length of the trial will be not more than five (5) days.

25  **II.   DISCOVERY**

26       A.    All non-expert discovery shall be completed by October 1, 2008.

27       B.    The party bearing the burden of proof on an issue shall make all of its expert

28  disclosures required by the Federal Rules of Civil Procedure, on that issue, shall be made by

**United States District Court**
For the Northern District of California

1 October 1, 2008.   Opposition expert disclosures on that issue shall be made by October 15, 2008.

2     C.     All discovery from experts shall be completed by October 31, 2008.

3     D.     In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead

4 trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the

5 Motion(s) in an effort to resolve these matters.  After attempting other means to confer on the issue

6 (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days'

7 notice.  The location of the meeting will alternate with the first location selected by counsel for

8 Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial

9 counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court.  This

10 Joint Letter shall include a description of every issue in dispute and, with respect to each such issue,

11 a detailed summary of each party's final substantive position and their final proposed compromise

12 on each issue.  Upon receipt of the Joint Letter the Court will determine what future proceedings are

13 necessary.

14 **III.   MOTIONS**

15     All dispositive motions shall be served and filed not less than **thirty-five (35)** days prior to

16 the scheduled hearing date of **December 12, 2008, at 9:30 a.m.**  Any opposition shall be served and

17 filed no later than **twenty-one (21)** days prior to the hearing date.  Any reply to the opposition shall

18 be served and filed no later than **fourteen (14)** days prior to the date of the hearing.

19     With respect to motions for summary judgment, parties shall follow the procedures outlined

20 in Judge Spero's Standing Order.

21 **IV.   MEDIATION**

22     By agreement of the parties, this matter has been referred to private Mediation which is

23 scheduled for April 7, 2008 with mediator Barry Winogard.  The parties shall promptly notify the

24 Court whether the case is resolved at the Mediation.

25 **V.   PRETRIAL CONFERENCE**

26     A Final Pretrial Conference shall be held on **March 13, 2009, at 1:30 p.m.,** in Courtroom A,

27 15th Floor.  Each party shall attend by lead trial counsel.

28

2

**United States District Court**
For the Northern District of California

1   **VI.    TRIAL PROCEDURES**

2          A.      Counsel shall not prepare a Joint Pretrial Conference Statement.  Instead, twenty (20)

3   calendar days in advance of the Final Pretrial Conference, please do the following:

4                  1.      In lieu of preparing a Joint Pretrial Conference Statement, the parties shall

5                          meet and confer in person, prepare and file a jointly signed Proposed Final

6                          Pretrial Order that contains: (a) a brief description of the substance of claims

7                          and defenses which remain to be decided; (b) a statement of all relief sought;

8                          (c) all stipulated facts; (d) a list of all factual issues that remain to be tried,

9                          stating the issues with the same generality/specificity as any contested

10                         elements in the relevant jury instructions and organized by counts; (e) a joint

11                         exhibit list in numerical order, including a brief description of the exhibit and

12                         Bates numbers, a blank column for when it will be offered into evidence, a

13                         blank column for when it may be received into evidence, and a blank column

14                         for any limitations on its use; and (f) each party's separate witness list for its

15                         case-in-chief witnesses (including those appearing by deposition) providing,

16                         for all such witnesses, a short statement of the substance of his/her testimony

17                         and, separately, what, if any, non-cumulative testimony the witness will offer.

18                         If non-cumulative testimony is not spelled out, the Court will presume the

19                         witness is cumulative. For each witness, state an hour/minute time estimate

20                         for the direct examination (only).  Items (e) and (f) should be appendices to

21                         the proposed order.  The proposed order should also state which issues, if any,

22                         are for the Court to decide, rather than the jury.  The objective is to convert

23                         the proposed order to a final order with the benefit of any discussion at the

24                         Final Pretrial Conference.

25                 2.      File a joint set of proposed instructions on substantive issues of law arranged

26                         in a logical sequence.  If undisputed, an instruction shall be identified as

27                         "Stipulated Instruction No. ____ Re _____," with the blanks filled in

28                         as appropriate.  Even if stipulated, the instruction shall be supported by

3

**United States District Court**
For the Northern District of California

1   citation.  If disputed, each version of the instruction shall be inserted together,

2   back to back, in their logical place in the overall sequence.  Each such

3   disputed instruction shall be identified as, for example, "Disputed Instruction

4   No. ____ Re _____ Offered by _____," with the

5   blanks filled in as appropriate.  All disputed versions of the same basic

6   instruction shall bear the same number.  Citations with pin cites are required.

7   Any modifications to a form instruction must be plainly identified.  If a party

8   does not have a counter version and simply contends that no such instruction

9   in any version should be given, then that party should so state (and explain

10  why) on a separate page inserted in lieu of an alternate version. With respect

11  to form preliminary instructions, general instructions, or concluding

12  instructions, please simply cite to the numbers of the requested instructions in

13  the current edition of the *Ninth Circuit Model Jury Instructions*.  Other than

14  citing the numbers, the parties shall not include preliminary, general, or

15  concluding instructions in the packet.

16      3.    File a separate memorandum of law in support of each party's disputed

17           instructions, organized by instruction number.  Please quote exact, controlling

18           passages from the authorities, without ellipses, and give pin cites.

19      4.    File a joint set of proposed voir dire questions supplemented as necessary by

20           separate requests for good cause only.

21      5.    Any motions in limine shall be submitted as follows: at least twenty (20)

22           calendar days before the conference, the moving party shall serve, but not file,

23           the opening brief.  At least ten (10) calendar days before the conference, the

24           responding party shall serve the opposition.  There will be no reply.  When

25           the oppositions are received, the moving party should collate the motion and

26           the opposition together, back-to-back, and then file the paired sets at least

27           seven (7) calendar days before the conference.  Each motion should be

28           presented in a separate memorandum and properly identified, for example,

4

**United States District Court**
For the Northern District of California

1    "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Please limit motions in

2    limine to circumstances that really need a ruling in advance. Usually five or

3    fewer motions per side is sufficient. Each motion should address a single,

4    separate topic, and contain no more than seven pages of briefing per side.

5    Leave of Court will be required for more or longer motions.

6        6.    File trial briefs on any controlling issues of law.

7        7.    File proposed verdict forms, joint or separate.

8    B.    Not less than ten (10) days before the Pretrial Conference, counsel or the parties shall

9    file and serve any objections to exhibits.

10    C.    Exhibits and witnesses not included in the Proposed Joint Pretrial Order pursuant to

11    Paragraph VI.A. may **not** be used in a party's case-in-chief. Defense witnesses are not rebuttal

12    witnesses. Objections not raised pursuant to Paragraph VI.B. are waived.

13    D.    Two Chambers' copies of the aforementioned documents shall be delivered to

14    Chambers at the time of filing. The Joint Proposed Final Pretrial Order, jury instructions, and

15    verdict form shall be submitted via e-mail as attachments, in WordPerfect 13.0 format, to Judge

16    Spero's Law Clerk  Melissa_Dawson@cand.uscourts.gov, and to Judge Spero's Courtroom Deputy

17    Karen_Hom@cand.uscourts.gov. Hard copies must be provided as well. All hard-copy submissions

18    should be three-hole-punched.

19    E.    At the Final Pretrial Conference, the above submissions shall be considered and

20    argued. The parties shall submit a joint summary of all rulings in proposed order format.

21    **PRETRIAL ARRANGEMENTS**

22    F.     Should a daily transcript and/or real-time reporting be desired, the parties shall make

23    arrangements with Debra Campbell, Supervisor of the Court Reporting Services, at (415) 522-2079,

24    at least ten (10) calendar days prior to the trial date.

25    G.    During trial, counsel may wish to use overhead projectors, laser-disk/computer

26    graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all

27    counsel to the maximum extent possible. The Court provides no equipment other than an easel. The

28    United States Marshal requires a court order to allow equipment into the courthouse. For electronic

5

United States District Court

For the Northern District of California

1  equipment, parties should be prepared to maintain the equipment or have a technician handy at all

2  times.  The parties shall tape extension cords to the carpet for safety.  The parties may work with the

3  deputy clerk, Karen Hom (415-522-2035), on all courtroom-layout issues.

<div align="center"><strong>SCHEDULING</strong></div>

5       H.       Trial will be conducted from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a

6  witness) with two fifteen-minute breaks, Monday through Thursday, excluding holidays.  Counsel

7  must arrive by 8:15 a.m., or earlier as needed for any matters to be heard out of the presence of the

8  jury.  The jury will be called at 8:30 a.m.  Jury deliberations will be allowed on Fridays.

<div align="center"><strong>THE JURY</strong></div>

10       I.       No later than on the first day of trial, counsel shall jointly submit a simplified

11  Statement of the Case to be read to the jury during voir dire as part of the proposed jury instructions.

12  Unless the case is extremely complex, this statement should not exceed one page.  The Court will

13  usually conduct the voir dire.

14       J.       In civil cases, there are no alternate jurors and the jury is selected as follows:

15  Eighteen jurors are called to fill the jury box and the row in front of the bar, and are given numbers

16  (1 through 18).  The remaining potential jurors will be seated in the public benches.  Hardship

17  excuses will usually be considered at this point.  The Court will then ask questions of those in the

18  box and in the front of the bar.  Counsel may then conduct a limited voir dire.  Challenges for cause

19  will then be addressed out of the presence of the potential jurors.  The Court will consider whether to

20  fill in the seats of the stricken jurors.  If so, questions will be asked of the additions and cause

21  motions as to them will be considered.  After a short recess, each side may exercise its allotment of

22  peremptory challenges out of the presence of the potential jurors.  The eight (or such other size as

23  will constitute the jury) surviving the challenge process with the lowest numbers become the final

24  jury.  For example, if the plaintiff strikes 1, 5, and 7 and the defendant strikes 2, 4, and 9, then 3, 6,

25  8, 10, 11, 12, 13, and 14 become the final jury.  If more (or fewer) than eight jurors are to be seated,

26  then the starting number will be adjusted.  So too if more than a total of six peremptories is allowed.

27  Once the jury selection is completed, the jurors' names will be read again and they will be seated in

28  the jury box and sworn.  The Court may alter the procedure in its discretion.

<div align="center">6</div>

United States District Court

For the Northern District of California

1       K.     Jurors may take notes. Note pads will be distributed at the beginning of each trial.

2 The note pads will be collected at the end of each day and locked in the jury room.  Jurors will be

3 instructed on the use of notes both in the preliminary and final jury instructions.

4                              **OPENING STATEMENTS**

5       L.     Each side will have a predetermined time limit for its opening statement (usually no

6 more than 45 minutes per side).  Counsel must cooperate and meet and confer to exchange any

7 visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out

8 objections and any reasonable revisions.  Opening statements will commence as soon as the jury is

9 sworn.

10                                 **WITNESSES**

11       M.     At the close of each trial day, all counsel shall exchange a list of witnesses for the

12 next two full court days and the exhibits that will be used during direct examination (other than

13 for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall

14 provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

15 same witness on cross-examination (other than for impeachment).  The first notice shall be

16 exchanged prior to the first day of trial.  All such notices shall be provided in writing.

17       N.     The parties and counsel shall have all upcoming witnesses ready to testify.  Failure to

18 have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to

19 constitute resting.  If counsel plans to read in a transcript of a deposition, counsel must have a

20 deposition prepared and vetted early on to read into the record.

21       O.     When there are multiple parties, counsel are responsible for coordination of the

22 cross-examination to avoid duplication.

23       P.     If there are multiple parties on a side, counsel for only one party may cover a

24 subject matter; reiteration of the examination, whether direct or cross, will not be permitted.

25                                 **EXPERTS**

26       Q.     At trial, direct testimony of experts will be limited to the matters disclosed in their

27 reports.  Omitted material may not ordinarily be added on direct examination.  Illustrative

28 animations, diagrams, charts, and models may be used on direct examination only if they were

7

**United States District Court**
For the Northern District of California

1  part of the expert report, with the exception of simple drawings and tabulations that plainly

2  illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown

3  to the jury.  If cross-examination fairly opens the door, however, an expert may go beyond the

4  written report on cross-examination and/or re-direct examination.  By written stipulation, all

5  parties may relax these requirements.  The Court will not permit Federal Rule of Evidence 703 to

6  be used to admit otherwise inadmissible evidence through the expert (*i.e.*, through the "back

7  door").

8          R.        As to damages studies, the cut-off date for *past damages* will be as of the expert

9  report (or such earlier date as the expert may select).  In addition, the experts may try to project

10  *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be

11  met.  With timely leave of Court or by written stipulation, the experts may update their reports

12  (with supplemental reports) to a date closer to the time of trial.

13                      **USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS**

14          S.        Depositions can be used at trial to impeach a witness testifying at trial or, in the

15  case of a party deponent, "for any purpose."  The parties shall abide by the following procedure:

16                      1.        On the first day of trial, counsel shall bring the original and clean copies of

17                                any deposition(s) intended to be used during the course of the trial.  Any

18                                corrections must be readily available.  If counsel need to use the deposition

19                                during a witness examination, they shall provide the Court with a copy with

20                                any corrections at the outset of the examination.  This will minimize delay

21                                between the original question and the read-ins of the impeaching material.

22                                Opposing counsel should have their copy immediately available.

23                      2.        When counsel reads a passage into the record, counsel should seek permission

24                                from the Court. For example, counsel should state: "I wish to read in page

25                                210, lines 1 to 10 from the witness' deposition."  A brief pause will be

26                                allowed for any objection.

27                      3.        The first time a deposition is read, counsel shall state the deponent's name,

28                                the date of the deposition, the name of the lawyer asking the question, and if it

8

**United States District Court**
For the Northern District of California

1  was a Federal Rule of Civil Procedure 30(b)(6) deposition.  The first time a

2  deposition is read, the Court will give an appropriate explanation to the jury

3  about depositions.  Do not embellish with follow-on questions.

4      4.    When reading in the passage, counsel shall state "question" and then read the

5  question exactly, followed by,"answer" and then read the answer exactly.

6  Stating "question" and "answer" is necessary so the jury and the court

7  reporter can follow who was talking at the deposition.  Once the passage is on

8  the record, move on.  Opposing counsel may then immediately ask to read

9  such additional testimony as is necessary to complete the context.

10     5.    To avoid mischaracterizing the record, counsel should not ask, "Didn't you

11 say XYZ in your deposition?"  It is unnecessary to ask a witness if he

12 "recalls" the testimony or otherwise to lay a foundation.

13     6.    Subject to Federal Rule of Evidence 403, party depositions may be read into

14 the record whether or not they contradict (and regardless of who the witness is

15 on the stand).  For example, a short party deposition excerpt may be used as

16 foundation for questions for a different witness on the stand.

17 **DEPOSITION DESIGNATION**

18     T.    The following procedure applies only to witnesses who appear by deposition.  It does

19 not apply to live witnesses whose depositions are read into the record while they are on the stand.

20     1.    To designate deposition testimony, counsel shall photocopy the cover page,

21 the page where the witness is sworn, and then each page containing any

22 testimony to be proffered, with lines through portions of such pages not

23 proffered.  In addition, counsel shall line through objections or colloquy

24 unless they are needed to understand the question.  Any corrections must be

25 interlineated, and references to exhibit numbers must conform to the trial

26 numbers.  Such interlineations should be done by hand.  The finished packet

27 should then be the actual script and should smoothly present the identification

28 and swearing of the witness and testimony desired.  The packet must be

9

**United States District Court**
For the Northern District of California

1   provided to all other parties at least twenty (20) calendar days before the

2   Pretrial Conference.  For the rare case of voluminous designations, more lead

3   time will be required.  Counsel are advised to be reasonable.

4   2.   All other parties must promptly review the packet and highlight in yellow any

5   passages objected to and write in the margin the legal basis for the objections.

6   If a completeness objection is made, the objecting party must insert into the

7   packet the additional passages as needed to cure the completeness objection.

8   A completeness objection generally should be made only if a few extra lines

9   will cure the problem.  Such additions shall be highlighted in blue and an

10   explanation for the inclusion shall be legibly handwritten in the margin.

11   Counsel must line out or x-out any irrelevant portions of the additional pages.

12   3.   The packets, as adjusted, must then be returned to the proffering party, for

13   consideration of whether to accept the adjustments.  Next, counsel shall meet

14   and confer.  Counsel for the proffering party must collate and assemble a final

15   packet that covers the proffer and all remaining issues.  At least ten (10)

16   calendar days before the Pretrial Conference, the proponent must provide the

17   Court with the final packet, with any objected-to portions highlighted and

18   annotated as described above.  If exhibits are needed to resolve the objections,

19   counsel should include copies, with the relevant passages highlighted and

20   tagged.  The Court will then read the packet and indicate its rulings in the

21   margin in a distinctive manner.  Ordinarily, argument will not be needed.

22   4.   Counter-designations must be made by providing a packet with the counter-

23   designated passages to the proponent at the same time any objections to the

24   original proffer are returned to the first proffering party, who must then

25   supply its objections in the same manner.

26   5.   When the packet is read to the jury, the examiner shall read the questions (and

27   any relevant colloquy) from the lectern while a colleague sits in the witness

28   stand and reads the answers.  While reading the deposition the reader and

1   "witness" shall refrain from undue emoting, emphasis or other dramatization.

2   The same procedure shall be followed when a video deposition is to be played

3   instead, in order to facilitate rulings on objections.  The video should omit any

4   dead time, long pauses, and objections/colloquy not necessary to understand

5   the answers.

6                           **REQUESTS FOR ADMISSIONS AND INTERROGATORIES**

7       U.      Please designate responses to requests for admissions and interrogatory answers

8   in the same manner and under the same timetable as deposition designations.

9                                               **EXHIBITS**

10      V.      Prior to the Final Pretrial Conference, counsel must meet and confer in person to

11  consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion

12  over the precise exhibit.

13      W.      Use numbers only, not letters, for exhibits, preferably the same numbers as were

14  used in depositions.  Blocks of numbers should be assigned to fit the need of the case (*e.g.*, Plaintiff

15  has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  A single exhibit

16  should be marked only once, just as it should have been marked only once in discovery pursuant to

17  this Court's discovery guidelines).  If the plaintiff has marked an exhibit, then the defendant should

18  not re-mark the exact document with another number.  Different *versions* of the same document,

19  *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers.

20  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to

21  as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit

22  number differs from that used in a deposition transcript, then the latter transcript must be conformed

23  to the new trial number if and when the deposition testimony is read to the jury (so as to avoid

24  confusion over exhibit numbers).  The jury should always hear any given exhibit referred to by its

25  unique number.  There should be no competing versions of the same exhibit number; any

26  discrepancies must be brought to the Court's attention promptly.

27      X.      The exhibit tag shall be in the following form:

28

**United States District Court**
For the Northern District of California

11

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

<div style="border:1px solid black;">

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# TRIAL EXHIBIT 100

Case No. _____

Date Entered _____

By_____
                Deputy Clerk

</div>

11  Counsel preferably will make the tag up in a color that will stand out (yet still allow for

12  photocopying), but that is not essential.  Place the tag on or near the lower right-hand corner or,

13  if a photograph, on the back.  Counsel should fill in the tag but leave the last two spaces blank.

14  The parties must jointly prepare a *single* set of all trial exhibits that will be the official record set

15  to be used with the witnesses and on appeal.  Each exhibit must be tagged,  three-hole-punched,

16  separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine

17  labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders

18  should be marked as "Original".  Deposit the exhibits with the deputy clerk ten (10) days before the

19  Pretrial Conference.

20       Y.      Counsel must consult with each other and with the deputy clerk at the end of each

21  trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there

22  are any differences, counsel should bring them promptly to the Court's attention.

23       Z.      In addition to the official record exhibits, a *single*, *joint* set of bench binders

24  containing a copy of the exhibits must be provided to the Court ten (10) days before the Pretrial

25  Conference, and should be marked as "Chambers Copies".  Each exhibit must be separated with a

26  label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.)

27  Spine labels should indicate the numbers of the exhibits that are in the binders.

28       AA.     Before the closing arguments, counsel must confer with the deputy clerk to make

12

**United States District Court**
For the Northern District of California

1  sure the exhibits in evidence are in good order.  Counsel may, but are not required to, jointly

2  provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit

3  number and a brief, non-argumentative description (*e.g.*, letter from A. B. Case to D. E. Frank,

4  dated August 17, 1999).  This list may go into the jury room to help the jury sort through

5  exhibits in evidence.

6      BB.    Exhibit notebooks for the jury will not be permitted without prior permission from

7  the Court.  Publication must be by poster blow-up, overhead projection, or such other method as is

8  allowed in the circumstances.  It is permissible to highlight, circle or underscore in the enlargements

9  as long as it is clear that it was not on the original.

10                               **OBJECTIONS**

11     CC.    Counsel shall stand when making objections and shall not make speeches.  Simply

12  give the legal basis for your objection (*e.g.*, "calls for speculation" or "objection, hearsay").

13     DD.    There can only be one lawyer per witness per party for all purposes, including

14  objections.  Only one lawyer will be permitted to make the opening statement and closing

15  argument unless the Court has given prior approval to more than one lawyer doing so.

16     EE.    Side bar conferences are discouraged.

17     FF.    To maximize jury time, counsel must alert the Court in advance of any problems

18  that will require discussion outside the presence of the jury, so that the conference can be held

19  before court begins or after the jury leaves for the day.

20                              **STIPULATIONS**

21     GG.    You must read all stipulations to the jury in order for them to become a part of the

22  record.

23

24

25                              **TIME LIMITS**

26     HH.    Ordinarily, the Court shall set fixed time limits at the final pretrial conference.  All of

27  your examination time (whether direct, cross, re-direct or re-cross) for all witnesses must fit within

28

United States District Court

For the Northern District of California

1  your time limit.  Opening and closing time limits shall be considered separately.  The time taken at a

2  side bar or on objections will still be charged to the examining party unless otherwise ordered.

3

4                                    **CHARGING CONFERENCE**

5          II.        As the trial progresses and the evidence is heard, the Court will fashion a

6  comprehensive set of jury instructions to cover all issues actually being tried.  Prior to the close of

7  the evidence, the Court will provide a draft final charge to the parties.  After a reasonable period for

8  review, one or more charging conferences will be held at which each party may object to any

9  passage, ask for modifications, or ask for additions.  Any instruction request must be renewed

10 specifically at the conference or it will be deemed waived, whether or not it was requested prior to

11 trial.  If, however, a party still wishes to request an omitted instruction after reviewing the Court's

12 draft, then it must affirmatively re-request it at the charging conference in order to give the Court a

13 fair opportunity to correct any error.  Otherwise, as stated, the request will be deemed abandoned or

14 waived.

15                                    **JUROR QUESTIONNAIRE**

16         The attached voir dire questionnaire shall be given to the potential jurors and copies of the

17 responses will be made available to counsel at the beginning of voir dire.

18         IT IS SO ORDERED.

19

20 Dated: March 10, 2008

21 _____

22 JOSEPH C. SPERO
   United States Magistrate Judge

23

24

25

26

27

28

14

<div style="text-align: center;">

CONFIDENTIAL

JUROR QUESTIONNAIRE

</div>

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom or on the side of the page.  Thank you for your cooperation.

1.      Your name: _____
2.      Your age: _____
3.      City in which you reside: _____
4.      Your place of birth: _____
5.      Do you rent or own your own home? _____
6.      Are you married or do you have a domestic partner?  ____Yes ____ No
7.      Please list the occupation of your spouse or domestic partner.
_____

8.      If you are not married and do not have a domestic partner, are you (circle one, if applicable):

single            separated            divorced            widowed

9.      If you have children, please list their ages and sex and, if they are employed, please give their occupations.
_____
_____
_____
_____

10.     What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).
_____
_____

11.     Who is (or was) your employer?
_____

12.     How long have you worked for this employer? _____

13.     Please describe your education background:
        Highest grade completed: _____
        College and/or vocational schools you have attended:
_____
_____
        Major areas of study: _____

14.     Have you ever had jury experience? _____ Number of times? _____

        If yes:  State/County Court _____    Federal Court _____

        When? _____Was it a civil or criminal case? _____

        Did any of the juries reach a verdict ? _____ Yes _____ No

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28